MAGGIORE, APPELLANT, *v.* DEPARTMENT OF LIQUOR CONTROL, APPELLEE.

[Cite as Maggiore v. Dept. of Liquor Control, 4 Ohio App. 2d 255.]

(No. 8071—Decided November 23, 1965.)

*Mr. Robert M. Lombardi,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. James E. Rattan,* for appellee.

DUFFEY, J. This is an appeal under Section 119.11, Revised Code, from a judgment of the Common Pleas Court of Franklin County. The Ohio Liquor Control Commission purported to adopt Regulation 72 establishing a 22 per cent minimum price markup for malt beverages sold at retail for off-premise consumption. Upon appeal the Common Pleas Court upheld the regulation.

Appellant's first assignment of error contends that in adopting Regulation 72 the commission failed to comply with

the procedural requirements of Chapter 119, Revised Code. The specific procedural deficiency is an alleged failure to comply with Section 119.03 (E), Revised Code, which provides:

"(E) Prior to the effective date of a rule, amendment, or rescission thereof the agency shall make reasonable effort to inform those affected thereby and to have available for distribution to those requesting it the full text of the rule as adopted or as amended."

Section 119.03 (D), Revised Code, requires that at the time an agency issues an order adopting a rule it "shall designate the effective date thereof." The order adopting Regulation 72 was issued on November 9, 1964, and the regulation designates December 1, 1964, as the effective date. The transcript of proceedings was filed in the Common Pleas Court at 11:42 a. m. on December 1, 1964. There is nothing in the transcript to show whether the commission did or did not attempt to comply with Section 119.03 (E), Revised Code.

In our opinion, an appeal under Section 119.11, Revised Code, cannot portray compliance with the provisions of Section 119.03 (E), Revised Code, and accordingly the absence of any proof of record as to such compliance is not a ground for error in such an appeal.

Section 119.11, Revised Code, requires that the "notice of appeal shall be filed within fifteen days after the order [of adoption] of said agency and prior to the effective date of such rule * * *." That section also provides that "the decision of the court * * * shall be based upon * * * the transcript of the record of proceedings as transmitted by the agency." There is no provision in Section 119.11, Revised Code, which permits the submission of additional evidence before the Common Pleas Court.

The statutory transcript of proceedings provided for in Section 119.11, Revised Code, reflects those proceedings which antedate the filing of the notice of appeal. Since the notice of appeal must be filed prior to the designated effective date, the transcript can at most reflect only a portion of the period of time available to the agency within which to comply with the distribution provisions of Section 119.03 (E), Revised Code. The relative size of that portion would, of course, depend upon the effective date selected. This is true even assuming that the

phrase "effective date" as used in subsection (E) means that date designated by the agency. Thus we think it apparent that the issue of compliance with subsection (E) cannot be effectively presented to or determined by the Common Pleas Court in an appeal confined to the transcript of proceedings as required by Section 119.11, Revised Code.

We are aware of the provision as to finality found in the last paragraph of Section 119.11, Revised Code. In our opinion, that paragraph can only apply to those issues which can be presented to the court in an appeal proceeding. In so holding, we do not mean to indicate any opinion on whether Section 119.03 (E), Revised Code, prescribes procedural requirements within the meaning of Section 119.02, Revised Code. We merely hold that that issue cannot be litigated in this proceeding.

The second assignment of error challenges the reasonableness of Regulation 72. The decision in *Pompei Winery, Inc.,* v. *Board of Liquor Control* (1957), 167 Ohio St. 61, is dispositive of that issue in general. Appellant presents only one additional aspect, the contention that the classification of off-premise sales is discriminatory. That classification is created by the statute. Section 4301.041, Revised Code. In our opinion, it bears a reasonable relationship to the purpose of the statute and is, therefore, lawful.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

DUFFY, J. (Presiding) and GUERNSEY, J., concur.

GUERNSEY, J., of the Third Appellate District, sitting by designation in the Tenth Appellate District.